(No. 2275— )

JOHN WADDELL AND ALMA WADDELL OF KANSAS CITY, DOING BUSINESS AS THE HILL MANUFACTURING COMPANY, Claimants, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed January 10, 1935.*

KAPLAN & KAPLAN, for claimants.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimants on the 29th day of December, 1931 sold and immediately thereafter installed at the Joliet Stateville Penitentiary one Hill Non-Condensable Gas Separator; and they also installed a similar machine at the Chicago State Hospital, at a charge of Three Hundred Seventy-five Dollars ($375.00) each with additional express of Three and 22/100 Dollars ($3.22) or a total of Three Hundred Seventy-eight and 22/100 Dollars ($378.22) for each of said machines for which they ask an award with interest at six per cent (6%) from December 29, 1931. Claimants contend that said machines have been in constant use and operation at said institutions from the time they were installed. Claimants contend there is an implied contract of sale, under the provisions of the Uniform Sales Act which provides as follows:

"When goods have been delivered on approval or on trial or satisfaction or other similar terms, the property therein passes to the buyer * * *

(b) if he does not signify his approval or acceptance to the seller, but retains the goods without giving notice of rejection, and if a time has been fixed for the return of the goods, at the expiration of that time, and if no time has been fixed, on the expiration of a reasonable time."

Sec. 121 Cahill's Rev. Statutes Par. 22, Rule 3, Part 2.

On February 25, 1932 A. L. Bowen notified C. Herrick Hammond, Supervising Architect as follows:

"In reply to yours of February the sixteenth, on the subject of the gas separator in the refrigerating system at the Chicago State Hospital, let me advise that the financial condition of the treasury makes it impossible to approve the purchase of the equipment which has been installed on trial by the Hill Manufacturing Company."

On March 1, 1932 L. A. Snider, Consulting Engineer of the Department of Purchases and Construction, through whom the installation had been effected notified claimants as follows:

"Some time ago I recommended that the gas separator furnished for Chicago State Hospital be purchased.

I forwarded your invoice in the amount of $378.36 to Springfield with my letter of recommendation. I have just been advised by Springfield that it will be impossible to approve the purchase of this equipment. I am requested to advise you and ask that you remove the equipment at Chicago State Hospital at no expense to the State.

I am sorry that it is necessary to so advise you, because the equipment has proved to be very efficient and desirable. I am sure that it would pay for itself in a very short time. Mr. A. L. Bowen, Superintendent of Charities for the Department of Public Welfare, has found it necessary to refuse approval for this purchase, stating that the financial condition of the treasury makes purchase impossible.

I know that you will be particularly disappointed in this matter because you came to my office, sent by Mr. Rodney H. Brandon, Director of the Department of Public Welfare, with the request that you be permitted to demonstrate your equipment. You will, however, appreciate the fact that this office can do no more than it has done, as final decision in a matter of this kind rests with the department in Springfield.

At this date I do not have any instructions with reference to the equipment furnished by you and installed at Illinois State Penitentiary."

A statement in the record by A. L. Bowen, Director of the Department of Public Welfare recites that the equipment in question was installed on a trial basis and that the purchase of the equipment could not be authorized regardless of whether same was satisfactory or otherwise, because of the financial condition of the treasury. At the time of the in-

stallation in question the Department of Purchases and Construction had the power to procure and supply all plumbing, light and engine supplies needed by the several departments. No officer, institution, department, board of commission was authorized to contract any indebtedness in behalf of the State nor assume to bind the State in an amount in excess of the money appropriated, unless expressly authorized by law —Sec. 30 State Finance Act.

The machines in question were installed about the end of 1931 at the apparent solicitation of Claimants. As early as February 25, 1932 notice was given them that the machines could not be purchased and that same should be removed. For some reason claimants did not see fit to remove the machines and now seek to, indirectly through the Court of Claims, receive payment for that which the State at that time would not buy in a direct manner. The machines have at all times since the notice in February, 1932, awaited the pleasure of claimants. The fact that claimants have preferred to leave the machines in the possession and use of the State in the apparent belief that eventually they might be paid for is their privilege, but no award for the price of such machines is justified thereby. To grant an award under the conditions herein stated would be to establish a rule or precedent, which the court does not believe to be warranted by law. Claim is denied, and case dismissed.